Anthony M. Livoti, J.
This is an article 78 proceeding for an order (1) directing the Chairman of the Executive Committee “ and/or ” the Executive Committee of the Democratic party of Queens County, or such person as may have been designated by the rules of the said County Committee, to prop *334 erly set forth and file with the Board of Elections the election districts contained within the executive districts of the 30th Assembly District, Queens County; (2) declaring that the party call dated April 27, 1966 and amendments thereto certifying the party positions to be elected to each position in each unit of representation at the official primary, Democratic party, to be held in and for the County of Queens on the 28th day of June, 1966 be vacated and set aside as contrary to the rules and regulations of the Democratic party, Queens County, and (3) declaring that the said party call be vacated on the further ground that as a result of the recent reapportionment none of the members of the Queens County Committee, nor the Executive Committee of the Queens County Committee, nor the Chairman of the Executive Committee of the Queens County Committee are properly and legally elected to the positions in any unit of representation within the Democratic party for the County of Queens.
Before examining the merits of the petition, the court must settle a dispute between the parties with respect to which of ■two different copies of rules for the government of the Democratic Organization of Queens County is correct and binding. The respondents introduced a photocopy of said rules, bearing the date of 1964. Although they contend these are the correct rules,, there is no certification of the Secretary of the County Committee that they are, in fact, the correct rules. Petitioners have subpoenaed from the office of the Board of Elections a copy of the rules, also dated 1964, which were filed with the Board of Elections on July 2,1964 by the Democratic Organization of Queens County. Together with said rules the said Democratic Organization also filed a notarized certificate of Conrad C. Remling, the Secretary of the County Committee of Queens, who incidentally is one of the respondents herein, that the rules filed on July 2, 1964 were adopted at the regularly called organizational meeting of the Democratic County Committee of the Democratic party of the County of Queens on ,'une 22,',1964. .. Under the circumstances, the court determines that for the purpose of this proceeding the copy of the rules filed with the Board of Elections on July 2, 1964 is the correct copy thereof.
Of the three branches of the petition, the court must necessarily first deal with the third branch. The petitioners contend that the members of the- Queens County Committee and the Queens County Executive Committee of the Democratic Organization are not duly constituted committees pursuant to the Election Law and the Rules of the Democratic State Committee *335 and the Rules of the Democratic County Committee of the County of Queens in that the unit of representation from which they were originally elected has been amended and altered and that they do not represent the original political unit of representation within the County of Queens. Pursuant to section 13 of the Election Law and section 2 of article II of the Rules of the Democratic Organization of Queens County, the members of the County Committee are elected bi-annually in each even-numbered year. The present members of the County Committee were elected at the primary election held in 1964. The reapportionment of the Legislature did not divest these persons of their offices. Despite reapportionment they continue in office for the remainder of their two-year terms (see Election Law, § 17, subd. 3). The same rule applies to the members of the Executive Committee.
The first and second branches of the petition involve the same issue, that is, whether the division of the 30th Assembly District was made in accordance with the provisions of section 4 of article XII of the aforesaid rules of the Democratic Organization of Queens County. That section provides:
“ Section 4. All of the members of the Executive Committee from each Assembly District together with the Chairman of the Executive Committee shall constitute a standing committee on the subdivision of their respective Assembly District. Upon the recommendation of any such committee, any Assembly District may be divided, provided:
“ (1) That if the division shall be into two portions, the boundary shall be single, continuous and as straight a line as possible; if the division is into three or more portions, the boundary lines shall be continuous and as straight as possible.
“ (2) That the portions of the Assembly District shall, as far as may be practicable, contain an equal number of election districts.
“ (3) That no Election District shall be divided.
“ (4) That the report shall have the approval of a majority of the Committee.
“ (5) That it be filed with the Chairman of the Executive Committee not later than the twenty-sixth Tuesday before the primary election at which members of the County Committee are to be elected.
“ (6) That it be approved by a majority of the Executive Committee of the County Organization, and by the County Committee.”
The 30th Assembly District has been divided into two Executive Districts, one comprising 54 Election Districts and the *336 other 33 Election Districts. The petitioners contend that such a division is violative of subsection (2) of section 4 since each Executive District does not contain as far as practicable an equal number of Election Districts. Petitioners also contend that the division was not approved by the County Committee, as is required by subsection (6). The latter deficiency would not seem to be fatal, however, since section 1 of article VIII of the rules provides that: “ Section 1. At all times when the County Committee is not actually in session, the Executive Committee of the County Organization shall have, possess and exercise all the rights, privileges, powers and duties which said County Committee may have, possess or exercise.”
The next issue is whether the division of the 30th Assembly District into two Executive Districts, one composed of 54 (Part A) and the other of 33 (Part B) Election Districts is as equal as may be practicable. The respondents contend that this Assembly District is an irregular plot extending north and south which contains several cemeteries. The southern part, which is Executive District “ B ”, is made up almost entirely of one and two-family houses, whereas the northern part, “A ”, is made up almost 50% of apartment houses. The dividing line between the two districts follows three major arteries, Long Island Expressway, Grand Avenue and Maspeth Avenue. None of these contentions, however, demonstrates the impracticability of a more equal division of the Assembly District. An examination of the map indicates that most of the cemeteries are in Part B. As a result of the present division Part B which, relatively speaking, is only partially developed and which the respondents admit contains mostly one-and two-family houses is comprised of only 33 Election Districts. Part A, on the other hand, is solidly developed and at least 50% of its buildings are apartment houses. This district has been given 54 Districts. In the opinion of the court a more equal division could be made which would comply fully with section 4 of article XII of the rules. The court notes that of the 16 Assembly Districts located in Queens County, the 30th Assembly District is the only one which has not been divided into more or less equal Executive Districts.
Respondents’ final contention is that petitioners are barred by laches from bringing the instant proceeding. In the opinion of the court they are not since the final party call was not filed until May 17, 1966, which was the day the instant order to show cause was signed. Each of the two prior party calls expressly reserved the right to the County Committee to file an amended party call.
*337 The petition is granted to the extent that the Standing Committee on the subdivision of the 30th Assembly District is directed to submit a recommendation subdividing the said District in accordance with section 4 of article XII of the rules. The report of this committee shall be filed with the Chairman of the Executive Committee no later than 2:00 p.m. on May 24, 1966. The report shall recommend that Executive District “ A ” be comprised of no more than 46 nor less than 42 Election Districts.